**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000984
21-AUG-2017
08:27 AM**

NO. CAAP-14-0000984

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE BANK OF NEW YORK MELLON, as Trustee for the
Certificateholders of CWABS Inc., Asset-Backed
Certificates, Series 2007-11, Plaintiff-Appellee, v.
MARY LEE COLTON, Defendant-Appellant, and JOHN
DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, DOE ENTITIES 1-50, AND DOE
GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-082K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

In this appeal arising out of a foreclosure decree,
Defendant/Counterclaim-Plaintiff/Appellant Mary Lee Colton, pro
se, appeals from the July 8, 2014 Judgment entered by the Circuit
Court of the Third Circuit ("Circuit Court")[1] in favor of
Plaintiff/Counterclaim-Defendant/Appellee The Bank of New York
Mellon, as Trustee for the Certificateholders of CWABS Inc.,
Asset-Backed Certificates, Series 2007-11 ("Mellon"), and against
Colton.

On appeal, Colton contends that the Circuit Court: (1)
denied Colton due process of law when Bank of America-related
evidence was placed on the record without Bank of America being a
party to the case; (2) erred in granting summary judgment to
Mellon despite the fact that Bank of America had sold servicing
rights to Colton's loan to Specialized Loan Servicing LLC; (3)

_____

[1] The Honorable Elizabeth A. Strance presided.

abused its discretion in failing to sanction Mellon for its failure to file a pre-trial statement within ten days of a court order that required it; (4) ignored Colton's evidence that she "was not receiving service by [Mellon's] counsel"; and (5) erred in denying Colton's motion to strike various unnotarized declarations, attorney affirmations, and documents in the record, submitted in support of Mellon's motion for summary judgment.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Colton's points of error as follows and vacate and remand.

In *Bank of America, N.A. v. Reyes-Toledo*, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), the Hawaiʻi Supreme Court held that to establish the right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject promissory note, at the time the action was commenced. *Id.* at 367-70, 390 P.3d at 1254-57. The "foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as '[s]tanding is concerned with whether the parties have the right to bring suit.'" *Id.* at 367, 390 P.3d at 1254 (quoting *Mottl v. Miyahira*, 95 Hawaiʻi 381, 388, 23 P.3d 716, 723 (2001)). The supreme court further noted that "a foreclosing plaintiff does not have standing to foreclose on mortgaged property unless the plaintiff was entitled to enforce the note that has been defaulted on." *Id.* at 368, 390 P.3d at 1255 (citing *Hanalei, BRC Inc. v. Porter*, 7 Haw. App. 304, 310, 760 P.2d 676, 680 (1988)).

Similar to *Reyes-Toledo*, the Circuit Court here granted Mellon's motion for summary judgment and decree of foreclosure based on two documents attached to Mellon's summary judgment motion: (1) a Declaration of Indebtedness by Mary Beth Fetkovich, executed on July 15, 2013, stating that she is familiar with the type of records maintained by Mellon and that Mellon, directly or through an agent, "has possession" of the promissory note; and (2) the promissory note, which was endorsed in blank.

Mellon did not present evidence to establish its entitlement to enforce the promissory note at the time the action commenced. On February 1, 2013, Mellon filed a Complaint for Foreclosure, which states that Mellon "is the holder of the Note and record assignee of the Mortgage." However, the promissory note was not attached to the complaint and there is no evidence that Mellon held the note at the time the complaint was filed. Accordingly, the Circuit Court erred in granting Mellon's summary judgment motion. *Reyes-Toledo*, 139 Hawaiʻi at 370-71, 390 P.3d at 1257-58.

Therefore, IT IS HEREBY ORDERED that the July 8, 2014 Judgment entered by the Circuit Court of the Third Circuit in favor of Plaintiff/Counterclaim-Defendant/Appellee The Bank of New York Mellon, as Trustee for the Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2007-11 is vacated. This case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawaiʻi, August 21, 2017.

On the briefs:

Mary Lee Colton,
Pro Se Defendant-Appellant.

Charles R. Prather,
Sofia Hirosane McGuire, and
Steven Idemoto,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3